UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SUSAN KIPPERS, ET AL. | CIVIL ACTION |
| VERSUS | NO: 07-3174 |
| LAFAYETTE INSURANCE CO., ET AL. | SECTION: "A" (1) |

### ORDER

Before the Court is a **Motion for Summary Judgment (Rec. Doc. 22)** filed by defendant Aparicio, Walker & Seeling, Inc. ("AWS"). Plaintiffs Susan Kipppers and Joseph Kippers, Jr. oppose the motion. The motion, set for hearing on April 2, 2008, is before the Court on the briefs without oral argument. For the reasons that follow the motion is **DENIED**.

**I.   BACKGROUND**

Plaintiffs, citizens of Louisiana, initiated this suit in state court against Lafayette Insurance Co. which is alleged to be a domestic corporation. Plaintiffs claim that Lafayette Insurance owes them additional proceeds under their homeowner's policy for damages sustained as a result of Hurricane Katrina.

Plaintiffs later amended their petition to add claims against their insurance agent, AWS and Fidelity, their flood insurance carrier. Plaintiffs claim that they attempted to increase their flood coverage prior to Katrina but that AWS and

Fidelity mishandled their request leaving them under-insured for flood damages.

AWS now moves for summary judgment. AWS argues that Plaintiffs' claims are perempted under 9:5606 and that AWS breached no duty owed to Plaintiffs.

## II. DISCUSSION

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." TIG Ins. Co. v. Sedgwick James, 276 F.3d 754, 759 (5th Cir. 2002) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986)).  A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Id. (citing Anderson, 477 U.S. at 248).  The court must draw all justifiable inferences in favor of the non-moving party. Id. (citing Anderson, 477 U.S. at 255).  Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial.  Id. (citing Fed. R. Civ. P. 56(e); Matsushita Elec. Indus. Co. v. Zenith

2

Radio, 475 U.S. 574, 587 (1986)).  Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. Id. (citing SEC v. Recile, 10 F.3d 1093, 1097 (5th Cir. 1993)).

This Court has already held that Louisiana law does not impose a duty on an insurance agent to counsel an insured on policy limits or to ensure that the insured has adequate coverage.  Parker v. Lexington Insurance Co., No. 06-4156, 2006 WL 3328041 (E.D. La. Nov. 15, 2006).  However, the Louisiana Supreme Court has long-recognized that an insurance agent who undertakes to procure insurance for another owes an obligation to his client to use reasonable diligence in attempting to place the insurance requested and to notify the client promptly if he has failed to obtain the requested insurance.  Karam v. St. Paul Fire & Marine Ins. Co., 281 So. 2d 728, 730 (La. 1973).  The client may recover from the agent the loss he sustains as a result of the agent's failure to procure the desired coverage if the actions of the agent warranted an assumption by the client that he was properly insured in the amount of the desired coverage. Id. at 730-31 (citations omitted).  To recover for losses resulting from such failure, the plaintiff must prove (1) an undertaking or agreement by the insurance agent to procure

insurance, (2) failure of the agent to use reasonable diligence in attempting to place the insurance and failure to notify the client promptly if he has failed to obtain the insurance, and (3) action by the agent warranting the client's assumption that the client was properly insured.  Offshore Prod. Contrs., Inc. v. Republic Underwriters Ins. Co., 910 F.2d 224, 229-30 (5th Cir. 1990) (citations omitted); Taylor v. Sider, 765 So. 2d 416, 418 (La. App. 4th Cir. 2000) (citing Opera Boats, Inc. v. Continental Underwriters, Ltd., 618 So. 2d 1084, 1085-86 (La. App. 1st Cir. 1993)).

The motion for summary judgment is DENIED.  As the Court understands their claim[1] Plaintiffs contend that they contacted AWS sometime around May 24, 2005, when they last renewed their policy to increase their coverage.  The specific coverage increase that they requested through AWS was not processed for some reason and their increased premiums were not returned until sometime after Katrina when the devastation had already occurred. Plaintiffs claim that AWS's negligence in failing to properly process their request resulted in their being underinsured when Katrina hit.  If this is the case, then Plaintiffs' claims are

---

[1] Neither the motion itself nor the opposition clearly delineates the precise facts upon which Plaintiffs' claim against AWS is based.  However, AWS as movant bears the initial burden on summary judgment.

4

not necessarily perempted and AWS is not entitled to summary judgment based on the argument that no duty was breached.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Summary Judgment (Rec. Doc. 22)** filed by defendant Aparicio, Walker & Seeling, Inc. is **DENIED.**

April 15, 2008

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE